Judge Underwood,
delivered the opinion of the court.
Brewer sold and conveyed to Peed a tract of land, on which Brewerlived at the date of the conveyance. He thereafter took a lease of the land from Peed, and continued to reside thereon. Sis months before the expiration of the lease, Peed gave Brewer notice to quit. He refused, and Peed prosecuted a warrant of forcible detainer. Cansuch a proceeding be sustained on these facts? The question is answered by the case of Helm vs. Slader; I. Marshall 320, the doctrines of which are approved in the subsequent cases of Mattingly and Smith vs. Lancaster, II. Marshall, 30, and Nelson vs. Cox, Ib. 150. As Peed was never put into actual possession, after the conveyance made to him by Brewer, unless such possession results from the fact of the latter having accepted a lease, and as Brewer’s possession originally was altogether independent of Peed, and as the actual occupation of Brewer was continued, notwithstanding his conveyance, the authorities referred to, clear- *495 ]y shew, that a warrant of forcible detainer was not a proper remedy.
John Trimble, for plaintiff.
Wherefore, the judgment is reversed with costs, and the cause remanded for proceedings de novo,